SCOTT N. SCHOOLS (South Carolina Bar Number 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
KATHERINE B. DOWLING (CSBN 220767)
Assistant United States Attorney

   450 Golden Gate Avenue, 9th Floor
   San Francisco, CA 94102-3495
   Telephone: (415) 436-6833
   Facsimile:  (415) 436-7169
   Email: katherine.dowling@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEPHEN E. ARMSTRONG,<br><br>           Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | No. C 07-3793 SBA<br>**E-Filing Case**<br><br>**ANSWER OF THE UNITED STATES** |

Defendant UNITED STATES OF AMERICA answers the numbered paragraphs of the Complaint as follows:

1. The allegation contained in paragraph 1 regarding jurisdiction is a conclusion of law to which no response is required. To the extent to which a response is required the allegation is denied.

2. In answer to paragraph 2, Defendant is without sufficient information to respond.

3. In answer to paragraph 3 : Defendant admits that it owned, possessed, and controlled the parking lot west of Building 1801 in the Presidio of San Francisco. Defendant is without sufficient information to admit or deny the remaining allegations in this sentence. Defendant admits that the Presidio Trust is a federal agency and corporation but denies that the Trust is part of the U.S. Department of the Interior. Defendant further denies that

Answer to Complaint
C 07-3793 SBA

1     the parking lot was not designated as the Eastern Parking Lot of Building 1801
2     Wedemyer.
3  4.    The statement in paragraph 4 is definitional and does not require a response.
4  5.    In answer to paragraph 5 Defendant:
5     Admits that on 11/05/06 the parking lot was open for travel by cars, bicyclists, and
6     pedestrians.
7     Admits that there were no posted restrictions or warnings.
8     Denies that a large "sinkhole" existed.
9     Admits that the parking lot slopes north to south.
10    Has insufficient information to respond to whether there was a 5-7% grade in the parking
11    lot.
12    Whether the hole could be seen from entrance is a subjective statement for which no
13    response is required.
14    Insufficient information to respond to whether there was a hole that was "8-9" deep" with
15    a circumference of "two feet around."
16    Denies hole was in an "old concrete patch".
17    Insufficient information to respond to whether said "patch" was approximately 6 x 9 feet,
18    whether it developed after defendant or another agency excavated the parking lot.
19    Denies that the "fill" was negligently compacted after excavation.
20    Insufficient information to respond to the allegation that the "middle of patch" sunk down
21    or that a hole existed for four years.
22    Denies that the area was not safe for bicyclists.
23    Admits that the hole was not repaired, marked, barricaded, surrounded by warning cones
24    or posted signs.
25  6.    In answer to paragraph 6, Defendant denies the allegations.
26  7.    In answer to paragraph 7, Defendant has insufficient information to respond to allegations
27    concerning plaintiff's bicycle riding history, knowledge of the area and date and time of
28    the accident.  Defendant denies the remaining allegations in this paragraph.

Answer to Complaint
C 07-3793 SBA

8. In answer to paragraph 8, Defendant admits that the hole was not marked with bright paint. Defendant has insufficient information to respond to the remaining allegations.

9. To the extent that this paragraph calls for legal conclusions no response is required. Defendant denies the remaining allegations in this paragraph.

10. To the extent that this paragraph calls for legal conclusions no response is required. Defendant admits the remaining allegations in this paragraph.

11. To the extent that this paragraph calls for legal conclusions no response is required, to the extent a response is required, the allegations are denied. Defendant lacks sufficient information to respond to the dollar amounts of plaintiff's alleged losses.

The remaining paragraphs without numbers set forth Plaintiff's prayer for relief. To the extent to which these paragraphs are deemed to contain allegations of material fact, they are denied. The remaining allegations which assert legal conclusions do not require an answer.

All allegations not specifically responded to above are denied.

AND FURTHER answering, Defendant avers:

### FIRST AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the subject matter of this complaint.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The United States, through its employees, exercised due care and diligence in all matters which are relevant to the subject matter of the plaintiff's complaint. Any injury or loss to plaintiff was not proximately caused by any negligent or otherwise wrongful act or omission of any employee or agent of the United States.

### FOURTH AFFIRMATIVE DEFENSE

Any injury or loss to the plaintiff, to the extent caused by negligence, was proximately caused by the negligence of the plaintiff who assumed the risk of his activities.

Answer to Complaint
C 07-3793 SBA

**FIFTH AFFIRMATIVE DEFENSE**

On information and belief, to the extent any injury to plaintiff may have been proximately caused by any person(s) other than plaintiff, such injury, loss or other damage was proximately caused by the intervening or superseding act of someone other than an employee of the United States acting within the course and scope of his employment.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant United States is immune from liability based upon the provisions of the California Recreational Use Statute, California Civil Code § 846.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant contests the reasonableness and validity of plaintiff's claim for damages, including but not limited to his claim for lost wages, medical treatment, and/or personal injuries/pain and suffering.

**EIGHTH AFFIRMATIVE DEFENSE**

Any recovery or other award against Defendant herein for non-economic damages must be limited to the percentage of fault, if any, of Defendant.

**NINTH AFFIRMATIVE DEFENSE**

To the extent plaintiff may have failed to mitigate his damages herein, any recovery or other award to plaintiff must be reduced accordingly.

WHEREFORE, Defendant prays that plaintiff take nothing by way of his complaint, that the same is dismissed, and that judgment be awarded in favor of the United States of America, together with costs, and for such other and further relief as the Court deems appropriate in this case.

           Respectfully submitted,

           SCOTT N. SCHOOLS
           United States Attorney

DATED: September 21, 2007    By:    /s/ Katherine B. Dowling
                                          KATHERINE B. DOWLING
                                          Assistant United States Attorney

Answer to Complaint
C 07-3793 SBA