SCOTT N. SCHOOLS (South Carolina Bar No. 9990)
United States Attorney
JOANN M. SWANSON (California Bar No. 88143)
Chief, Civil Division
KATHERINE B. DOWLING (California Bar No. 220767)
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94 102-3495
Telephone: (415) 436-6833
Facsimile: (415) 436-7169
Email: katherine.dowling@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEPHEN E. ARMSTRONG | NO. CV 07-03793 SBA |
| Plaintiff, | JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER |
| v. | |
| UNITED STATES OF AMERICA | Date:  October 31, 2007<br>Time:  2:45 p.m.<br>Place: Telephonic |
| Defendant | |

The parties jointly submit this Case Management Statement and request that the Court adopt it as its Case Management Order in this action.

**1.    Jurisdiction and Service**

This Court has jurisdiction over this matter because it arises under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

**2.    Facts**

On Sunday November 5, 2006, Plaintiff Stephen Armstrong was injured in a cycling accident while riding his bicycle through a parking lot in the Presidio of San Francisco. Plaintiff alleges that the parking lot contained an unmarked "sinkhole" or depression.

Plaintiff is demanding $200,200 in lost past and future wages, medical expenses and pain and suffering and property damage.

**3.     Legal Issues**

a.     Whether a dangerous condition of public property existed at the location of the plaintiff's accident.

b.     Whether the United States had actual or constructive knowledge of the danger at said location.

c.     Whether the United States had actual or constructive knowledge that injury was a probable, as opposed to a possible, result of the danger.

d.     Whether the United States consciously failed to act to avoid said danger.

e.     Whether the United States negligently created, failed to correct or warn of said dangerous condition.

f.     Whether the dangerous condition was due to the United States' willful misconduct.

g.     Whether the negligence and/or misconduct of the United States was a substantial factor in bringing about injury to the plaintiff

h.     The nature and extent of plaintiff's damages.

i.     The existence or allocation of negligence among the parties and potential third parties, and whether any negligence and/or willful misconduct was a substantial factor in causing plaintiff's injuries.

j.     The application of the California Recreational Use Statute.

**4.     Motions**

Plaintiff anticipates filing motions *in limine* and motions to compel, if necessary.

Defendant intends to file a motion for summary judgment.

**5.    Amendment of Pleadings**

None anticipated.

**6.    Evidence Preservation**

Parties are taking, and will continue to take, all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit. Parties are not presently aware of any document destruction programs that would apply in this case.

**7.    Disclosures**

Parties will exchange initial disclosures prior to the case management conference.

**8.    Discovery Taken to Date**

Discovery has not yet commenced. The parties request no departure from the discovery rules set forth in the Federal Rules of Civil Procedure and Civil Local Rules, including the 25-interrogatory limit under Rule 33 and 10-deposition limit under Rule 30.

Defendant will require an independent medical examination of plaintiff to assess his alleged injuries. Defendant may also require additional experts based on Plaintiff's economic claims including a vocational rehabilitation and economic expert.

Parties anticipate taking discovery on the following subjects: the allegations of negligence.

**9.    Class Action**

Not applicable.

**10.   Related Cases**

There are no related cases.

**11.   Relief**

Plaintiff seeks money damages of $200,200 plus costs, reasonable attorney's fees and such other relief as the court deems proper.

Defendant seeks no damages in this action, other than dismissal and costs.

**12.    Settlement and ADR**

The parties have not participated in any settlement discussions, but have already agreed to mediation. Parties request that mediation not be automatically set for 90 days after the case management conference. Parties require that a fair bit of discovery be accomplished in order to have a productive mediation.

The parties have complied with ADR Local Rule 3-5.

**13.    Consent to Magistrate Judge**

Parties do not consent to assignment of this case to a magistrate judge.

**14.    Other References**

None at this time.

**15.    Narrowing of the Issues**

None at this time.

**16.    Expedited Schedule**

The parties do not believe an expedited schedule is appropriate for this case.

**17.    Scheduling**

Initial Expert Disclosures: July 2008
Rebuttal Expert Disclosures: August 2008
Fact Discovery cutoff: August 2008
Discovery cutoff:  September 2008
Dispositive motion hearing: November 2008
Pretrial Conference: December 2008
Trial: January 2009

**18.    Trial**

This bench trial is expected to last 3-5 days.

**19.    Disclosure of Non-Party Interested Entities or Persons**

None known by the parties at this time. As a governmental agency, defendant is exempt from the disclosure requirement of Civil Local Rule 3-16.

**20.   Other Matters**

None at this time.

DATED: Oct. 19, 2007

Respectfully submitted,
THE BRANDI LAW FIRM


/s Brian J. Malloy
BRIAN J. MALLOY
Attorney for Plaintiff


DATED: Oct. 19, 2007

SCOTT N. SCHOOLS
United States Attorney


 /s Katherine Dowling
KATHERINE B. DOWLING
Assistant United States Attorney
Attorneys for Defendant


## [PROPOSED] ORDER

The Case Management Statement and Proposed Order is hereby adopted by this Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

IT IS SO ORDERED.

Dated: _____

_____
SAUNDRA BROWN ARMSTRONG
United States District Court Judge