1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   STEPHEN E. ARMSTRONG,                         No. C 07-03793 SBA

12              Plaintiff,                         **ORDER FOR PRETRIAL
                                                   PREPARATION**
13     v.

14   USA,

15              Defendant.
                                                /
16

17        Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure ("FRCP"), IT IS HEREBY
     ORDERED AS FOLLOWS:
18
            **A.    DISCOVERY CUT-OFF**
19
            All discovery, except for expert discovery, shall be completed and all depositions
20   taken on or before *8/4/08*.  The parties are responsible for scheduling discovery so that motions to
     resolve discovery disputes can be heard before the above discovery cut-off.
21
            **B.    EXPERT DESIGNATION AND DISCOVERY**
22
            Plaintiff shall designate any experts by *7/7/08*; defendant by *7/7/08*; rebuttal
23   disclosure by *8/11/08*.   Any expert not so named may be disallowed as a witness.  No expert will be
     permitted to testify to any opinion, or basis or support for an opinion, that has not been disclosed in
24   response to an appropriate question or interrogatory from the opposing party.  Expert discovery shall
     be completed by *10/21/08*.
25

26

27
            **C.    MOTION CUT-OFF**
28

*United States District Court*
*For the Northern District of California*

**United States District Court**
For the Northern District of California

1    All motions including dispositive motions shall be *heard* on or before ***10/21/08***, at
2    1:00 p.m.  The parties must meet and confer *prior* to filing any motion.  The movant shall certify to the Court in its moving papers that it has complied with this requirement.  Should the parties fail to meet and confer, the Court may decline to entertain the motion.
3
      **THIS COURT DOES NOT RESERVE MOTION HEARING DATES.** The
4    parties are advised to check Judge Armstrong's  calendar at **www.cand.uscourts.gov**, under Scheduling Information to determine the next available hearing date, particularly in the case of a
5    dispositive motion.  The parties are advised *not* to wait until 35 days prior to the law and motion cut-off date to file and serve their motion. As the Court's law and motion calendar tends to fill quickly,
6    there is *no* guarantee that a hearing date within the law and motion cut-off date will be available. You MUST submit a hard copy of all motion papers filed  in E-FILED cases in order to be placed on
7    calendar.

8
      Pursuant to Civil Local Rule 7-1, 7-2 and 7-3, all civil motions shall be noticed for a
9    hearing not less than thirty-five (35) calendar days after service.  The opposition and supporting papers shall be filed not less than twenty-one (21) days before the noticed hearing date. The reply
10   shall be filed not less than fourteen (14) days before the hearing date. Documents not filed in compliance with these time specifications will not be considered by the Court.
11
      The failure of the opposing party to file a memorandum of points and authorities in
12   opposition to any motion shall constitute a consent to the granting of the motion.

13   The parties are not required to file a statement of undisputed facts in connection with
      a motion for summary judgment. However, if the parties desire to file a statement of undisputed
14   facts, only <u>one joint</u> statement of undisputed facts signed by <u>all parties</u> shall be filed. All separate statements of undisputed facts will be stricken. If the parties are unable to agree that a fact is
15   undisputed, they should assume that fact is in dispute.

16   Note that pursuant to Civil L.R. 7-1(b), the Court may, in its discretion, adjudicate
      motions *without* oral argument.
17
      **D.    MANDATORY SETTLEMENT CONFERENCES**
18
      All parties are ordered to participate in a mandatory settlement conference during the
19   following time period: ***BETWEEN 10/22-11/3/08 BEFORE A MAGISTRATE JUDGE***.

20   **E.    PRETRIAL CONFERENCE**

21   All Counsel who will try the case shall appear for a pretrial conference in Courtroom
      3 on ***11/25/08***, at 1:00 p.m.  All Counsel shall be fully prepared to discuss all aspects of the trial.
22   Failure to file the requisite pretrial documents in advance of the pretrial conference may result in vacation of the pretrial conference and/or the imposition of sanctions.
23
      **F.    PRETRIAL PREPARATION DUE *11/4/08***
24
      1.    Not less that *thirty* (30) *calendar days* prior to the pretrial conference,
25   Counsel shall meet and confer in good faith in advance of complying with the following pretrial requirements in order to clarify and narrow the issues for trial, arrive at stipulations of facts, simplify
26   and shorten the presentation of proof at trial, and explore possible settlement.  In addition, Counsel shall meet and confer regarding anticipated motions in limine, objections to evidence, jury
27   instructions, and any other matter which may require resolution by the Court.

28

2

**United States District Court**
For the Northern District of California

2.      The following matters shall be accomplished no later than *twenty-one* (21) *calendar days* prior to the pretrial conference:

     **a.**      **Joint Pretrial Statement**

Counsel are required to file a pretrial conference statement containing the following information:

     **(1)      The Action**

**(A) Substance of the Action.**  A brief description of the substance of claims and defenses which remain to be decided

**(B) Relief Prayed.** A detailed statement of  all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

     **(2)      The Factual Basis of the Action**

**(A) Undisputed Facts.** A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

**(B) Disputed Factual Issues.** A plain and concise statement of all disputed factual issues which remain to be decided.

**(C) Agreed Statement.**  A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

**(D) Stipulations.** A statement of stipulations requested or proposed for pretrial or trial purposes.

     **(3)      DISPUTED LEGAL ISSUES**

**(A)  Points of Law.** Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions. Unless otherwise ordered, parties should cite to briefs served and lodged setting forth briefly the nature of each party's contentions concerning each disputed point of law, including procedural and evidentiary issues.

**(B) Proposed Conclusions of law.** If the case is to be tried without jury, unless otherwise ordered, parties should briefly indicate objections to proposed conclusions of law lodged with this Court.

     **b.**      **Trial Briefs**

Each party shall serve and file a trial brief which shall briefly state their contentions, the relevant facts to be proven at trial, and the law on the issues material to the decision.

     **c.**      **Findings of Fact**

In non-jury cases, each party shall serve and lodge with the Court proposed findings of fact and conclusions of  law on all material issues.  Findings shall be brief, clear, written in plain English and free of pejorative language, conclusions and argument.

3

**United States District Court**
For the Northern District of California

### d.    Witnesses

Each party shall serve and file with the Court a list of all persons who may be called as witnesses, other than solely for impeachment or rebuttal, together with a summary of the substance of each witness' proposed testimony.

### e.    Designation of Discovery Excerpts

Each party expecting to use discovery excerpts as part of its case in chief shall serve and lodge with the Court a statement identifying (1) by witness and page and line, all deposition testimony and (2) by lodged excerpt, all interrogatory answers and request for admissions to be used as part of its direct case.  Each interrogatory answer intended to be offered as an exhibit shall be copied separately and marked as an exhibit.  The original of any deposition to be used at trial must be produced at the time of trial, as well as a copy for the Court. Counsel shall indicate any objections to the use of these materials and advise the Court that counsel has conferred respecting such objections.

### f.    Jury Instructions

The parties shall file a joint set of proposed jury instructions as to those instructions on which the parties have reached agreement.  As to any disputed instructions, each party shall separately submit its "proposed" instruction(s) supported by a memorandum setting forth the authority for its use.  Responses or objections to any "proposed" jury instruction shall be filed no later than the date of the pretrial conference.  All instructions shall be written in plain English which is comprehensible to jurors, concise and free of argument, and shall be organized in a logical fashion so as to aid jury comprehension, and are also to be provided on a 3.5" computer disk. The Court's practice is to utilize, whenever possible, instructions found in the Ninth Circuit Manual of Model Jury Instructions.

### g.    Jury Voir Dire and Verdict Forms

Each party shall submit proposed questions for jury voir dire and a proposed form of verdict.

### h.    Exhibits

Each party shall provide every other party one set of all exhibits, charts, schedules, summaries and diagrams and other similar documentary materials to be used at the trial together with a complete list of all such exhibits.  The Court requires one original version of exhibits (as described above) for the Clerk and two copies (one for the Bench and one for the witness stand).  All such versions of the exhibits, including the originals, should be indexed into a binder for easy and quick reference by all parties.  The first page of each binder should have a copy of the exhibit list appropriately completed with each exhibit description and its designated number. Plaintiffs shall refer to their exhibits numerically and Defendants shall label theirs alphabetically. Exhibit labels and exhibit lists are available at the Courts website.(www.cand.uscourts.gov) Exhibits should be brought to Court on the first day of trial.

3.    The following matters shall be accomplished no later than *fourteen* (14) *calendar days* prior to the pretrial conference: **Motions in Limine and Objections to Evidence due: *11/11/08*.** Each party anticipating making motion(s) in limine and/or objection(s) to any testimony or exhibits expected to be offered shall file and serve a statement briefly identifying each item objected to and the grounds for the objection.

4.    Responses to motions in limine or objections to evidence shall be filed and served no less than *seven* (7) *calendar days* prior to the pretrial conference due: ***11/18/08***.

### H.    TRIAL DATE

4

Trial before the *COURT* will begin on *12/8/08*, at 8:30 a.m., for an estimated *3-5* trial days, or as soon thereafter as the Court may designate.  The parties are advised that they must be prepared to go to trial on a trailing basis.  The trial will take place in Courtroom 3 of the United States Courthouse, 1301 Clay Street, 3rd Floor, Oakland, California, 94612.  The Court's trial hours are from 8:30 a.m. to 2:00 p.m., with two fifteen-minute breaks, on Monday, Wednesday, Thursday and Friday. ***On the first day of trial all parties are required to have someone in Court with full Settlement Authority.***

## I.    TRANSCRIPTS

If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) at least one week prior to the commencement of trial.

## J.    STATUS AND DISCOVERY CONFERENCES

Any party desiring to confer with the Court may, upon notice to all other parties, arrange a conference through the courtroom deputy (Telephone No. 510-637-3541).  Conferences may be conducted telephonically, upon request (preferably in writing).

## K.    SANCTIONS

Failure to comply with this order may result in the imposition of sanctions pursuant to FRCP 16(f).

IT IS SO ORDERED.

Dated: 11/7/07

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

5