THE BRANDI LAW FIRM
THOMAS J. BRANDI #53208
BRIAN J. MALLOY #232257
354 Pine Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 989-1800
Facsimile: (415) 989-1801
bjm@brandilaw.com

Attorneys for Plaintiff


JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7155
   Facsimile: (415) 436-6927
   Email: neill.tseng@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEPHEN E. ARMSTRONG, | No. C 07-3793 SBA |
| Plaintiff, | |
| v. | STIPULATION AND ORDER |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

     Subject to the approval of the Court, the parties hereby stipulate and agree to the following conditions concerning the independent medical examination to be performed by the retained expert of defendant United States of America, James M. Glick, M.D. (the "examiner"), pursuant to Federal Rule of Civil Procedure 35.

STIPULATION AND [PROPOSED] ORDER
C 07-3793 SBA                                                                 -1-

1.	Plaintiff shall appear for an independent medical examination at a date and time to be scheduled directly by Plaintiff with the office of James M. Glick, M.D.  Plaintiff agrees to schedule the examination to take place within 30 days of the date the Court approves of this Stipulation.

2.	The examination will take place at the office of James M. Glick, M.D., 2299 Post St., Suite 107, San Francisco, California, 94115, telephone number (415) 345-9400.

3.	Pursuant to the examiner's office policy, Plaintiff agrees to pay the examiner $650 if Plaintiff is absent from the scheduled appointment without giving the examiner at least 48 hours advance notice of cancellation, or if Plaintiff shows up for the appointment more than 30 minutes after the scheduled time.

4.	The examination will be limited to the conditions in controversy.  The conditions in controversy are the injuries that Stephen Armstrong has previously testified to at deposition.

5.	The scope of the examination shall not include any tests known by the examiner to be unreasonably or unnecessarily painful, protracted or intrusive.  Plaintiff agrees to notify the examiner as soon as possible during the examination if Plaintiff determines that any test is unreasonably or unnecessarily painful, protracted or intrusive.

6.	No x-rays, mental or mental status examinations, nerve conduction studies, MRI, EEG, blood test, urinalysis, or photographs shall be taken.  However, if the examiner determines that any of the aforementioned are necessary, then Defendant reserves the right to move the Court for an order for a further examination involving such.

7.	Plaintiff may not be compelled to execute any assignments, waivers, releases or consents that would waive any potential action he may have against the examiner should the examiner's negligence or other conduct cause him harm.

8.	Defendant agrees to permit Plaintiff to audiotape the examination, provided that such audiotaping is not unreasonably disruptive to the examination, under the following conditions:

	a.	Plaintiff shall be responsible for providing all necessary equipment and for conducting the audiotaping.

STIPULATION AND [PROPOSED] ORDER
C 07-3793 SBA                                              -2-

   b. Plaintiff shall begin audiotaping, with notice to the examiner, at the beginning of the examination.

   c. Plaintiff shall audiotape the entire examination until the end of the examination, with notice to the examiner when the audiotape is being stopped.

   d. Plaintiff shall provide a copy of the audiotape to Defendant within ten days of the examination, accompanied by a declaration made by Plaintiff under penalty of perjury stating the contents of the audiotape, when it was made, by whom it was made, the chain of custody, and affirming that it has not been altered in any way.

 9. The parties agree to abide by and incorporate in full as part of this Stipulation Rule 35(b) of the Federal Rules of Civil Procedure. For convenience, the full text of Rule 35(b) is set forth below:

> **(b) Examiner's Report.**
>
> **(1)** *Request by the Party or Person Examined.* The party who moved for the examination must, on request, deliver to the requester a copy of the examiner's report, together with like reports of all earlier examinations of the same condition. The request may be made by the party against whom the examination order was issued or by the person examined.
>
> **(2)** *Contents.* The examiner's report must be in writing and must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests.
>
> **(3)** *Request by the Moving Party.* After delivering the reports, the party who moved for the examination may request--and is entitled to receive--from the party against whom the examination order was issued like reports of all earlier or later examinations of the same condition. But those reports need not be delivered by the party with custody or control of the person examined if the party shows that it could not obtain them.
>
> **(4)** *Waiver of Privilege.* By requesting and obtaining the examiner's report, or by deposing the examiner, the party examined waives any privilege it may have--in that action or any other action involving the same controversy--concerning testimony about all examinations of the same condition.
>
> **(5)** *Failure to Deliver a Report.* The court on motion may order--on just terms-- that a party deliver the report of an examination. If the report is not provided, the court may exclude the examiner's testimony at trial.
>
> **(6)** *Scope.* This subdivision (b) applies also to an examination made by the parties' agreement, unless the agreement states otherwise. This subdivision does not preclude obtaining an examiner's report or deposing an examiner under other rules.

10. Defendant shall provide a copy of this Stipulation to the examiner a reasonable time before the examination so that any possibility of disagreement or misunderstanding as to the scope of the examination or allowed procedures is minimized.

11. Plaintiff agrees that Defendant may provide the examiner with copies of any records or information pertaining to Plaintiff or Plaintiff's claims that are in Defendant's possession or control, including without limitation records that may be contained in a "system of records" as that term is defined in the Privacy Act of 1974, 5 U.S.C. § 552a.  This includes Plaintiff's medical records that have been subpoenaed by Defendant in this action, as well as Plaintiff's written discovery responses and deposition transcript.  Plaintiff hereby waives and releases any Privacy Act protection with respect to the release of the records or the disclosure of information specified herein.

12. Plaintiff agrees that any provision or disclosure of the records or information described in the immediately-preceding paragraph shall in no way limit the examiner's ability to ask any question or request any information from Plaintiff that the examiner deems necessary to conduct an independent medical examination, including but not limited to the creation of new items of documentary evidence, charts, new patient records, insurance information, and work, occupational or medical histories.

Respectfully submitted,

Dated: May 20, 2008        /s/
BRIAN J. MALLOY
Attorney for Plaintiff


JOSEPH P. RUSSONIELLO
United States Attorney


Dated: May 20, 2008        /s/
NEILL T. TSENG
Assistant United States Attorney
Attorneys for Defendant

//

//

STIPULATION AND [PROPOSED] ORDER
C 07-3793 SBA                    -4-

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

DATED: 6/4/08

_____
HONORABLE SAUNDRA B. ARMSTRONG
UNITED STATES DISTRICT JUDGE

STIPULATION AND [PROPOSED] ORDER
C 07-3793 SBA                                                    -5-